UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAMRA AIKEN, individually, and d/b/a JENNY'S BLISS SALOON, a/k/a BLISS SALOON, <br><br> Defendant. | Case No. 1:18-cv-00489-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Plaintiff J&J Sports Productions, Inc.'s Application for Default Judgement against Defendant Tamra Aiken, individually and d/b/a Jenny's Bliss Saloon, a/k/a Bliss Saloon. Plaintiff brought this action against Defendant for the unlawful exhibition of the *Manny Pacquiao v. Timothy Bradley, JR. WBO Welterweight Championship Fight Program*" at the establishment doing business as Jenny's Bliss Saloon, or the Bliss Saloon, on April 9, 2016.

# BACKGROUND

Plaintiff J&J Sports Productions, Inc. is an international distributor of sports and entertainment programming. By contract, Plaintiff was granted the exclusive nationwide

MEMORANDUM DECISION AND ORDER - 1

commercial distribution (closed-circuit) rights to "*Manny Pacquiao v. Timothy Bradley, JR. WBO Welterweight Championship Fight Program*," telecast nationwide on Saturday, April 9, 2016. *Compl.* ¶ 12, Dkt. 1; *Gagliardi Aff.* ¶ 3. This telecast included the main event (between Pacquiao and Bradley), along with undercard bouts, and fight commentary, which the Court will refer to collectively referred to as the "Program." *Id.*; *Gagliardi Aff.* ¶ 7. Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with commercial establishments to permit public exhibition of the Program. *Id.* ¶ 13; *Gagliardi Aff.* ¶ 3. Defendant did not obtain such a license and was not authorized to broadcast the Program. Plaintiff's investigator, nevertheless, observed the Program being aired at the Bliss Saloon, in Bliss, Idaho, on April 9, 2016. *See Solito Aff.*

Plaintiff's Complaint was filed on November 2, 2018. Defendant was served on January 24, 2019. No answer was ever filed. Plaintiff moved for entry of default by the Clerk, and the Clerk filed the Entry of Default on March 22, 2019. Dkt. 7. Nothing in the record indicates that Defendant has made any appearance in this action. Plaintiff seeks default judgment against Defendant, statutory damages of $10,000 and enhanced statutory damages of $100,000, and attorney fees to be determined at a later date.

## ANALYSIS

### 1. *Default Judgment*

Once default has been entered by the clerk, it is within the district court's discretion to grant default judgment against that party. Fed. R. Civ. P. 55(b)(2);

*Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). When considering a motion for default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("an allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

The majority of the *Eitel* factors support a default judgment on one of Plaintiff's claims. Regarding factor (1)—prejudice to the plaintiff—if the Court wholly denied the motion, Plaintiff's would be left without a remedy given Defendants' failure to appear and defend themselves. As for factors (5) and (6), by virtue of Defendants' failure to appear, there is no evidence there might be a disputed material fact or that Defendants' default was due to excusable neglect. Factors (2) and (3), regarding the sufficiency and merits of Plaintiff's claims, also favor a default judgment and are discussed in the next section.

Two factors weigh against default judgment. First, regarding the fourth *Eitel* factor, Plaintiff is seeking $110,000 in statutory and enhanced statutory damages, which is a relatively large amount. In addition, the seventh factor—the policy favoring decisions on the merits—weighs against default judgment.

On balance, however, the *Eitel* factors support Plaintiff's motion for default, and the Court will grant the motion as to Plaintiff's first claim for relief.

## 2. Damages

Next, the Court addresses damages. Although Plaintiff's Complaint originally requested relief under two statutory sections, 47 U.S.C. § 605(a) and 47 U.S.C. § 553(a), damages cannot be recovered under both. *See J & J Sports Prods., Inc. v. Frei*, No. 4:12-CV-0127-BLW, 2013 WL 3190685, at *2 (D. Idaho June 21, 2013). Accordingly, Plaintiff has asked for damages only under 47 U.S.C. § 605. The Court agrees that this statute should be used instead of 47 U.S.C. § 553. *See generally id.* (discussing various approaches to which statute should be used and determining that § 605 is appropriate).

Under § 605, a plaintiff may seek either (a) actual damages, or (b) statutory damages of not less than $1,000 or more than $10,000. See 47 U.S.C. § 605(e)(3)(C)(i)(II). Additionally, if the defendant violated the statute willfully and for purposes of "direct or indirect commercial advantage or private financial gain," the Court in its discretion, may increase the damages award by up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii).

The Ninth Circuit has not laid out a definitive test for calculating 47 U.S.C. § 605 damages and "courts in this circuit have granted widely varying awards ranging from near the minimum statutory award of $1,000 to near the maximum of $110,000, depending on such factors as the capacity of the establishment, the number of patrons in attendance, and whether a cover charge was required for entrance." *J & J Sports Prods.,*

*Inc. v. Marcaida*, No. 10-5125 SC, 2011 WL 2149923, at *3 (N.D. Cal. May 31, 2011). Absent a stringent test, the Court will use the factors that other courts, including the District of Idaho, have used.

In *Marcaida*, the defendants displayed the Program on two televisions to approximately 35 patrons and did not impose a cover charge. Weighing these factors, and noting "that signal piracy is a pervasive and increasing problem and that a primary purpose of § 605 is to deter such conduct," *Marcaida*, 2011 WL 2149923, at *4, the district court awarded statutory damages equal to three times the price the defendant would have had to pay to lawfully exhibit the program, or $6,600. The court, "[b]alancing the relatively small impact of Defendant's misconduct with the deterrent purpose of the statute," did not award enhanced statutory damages. The court also awarded damages for conversion in the amount of $2,200, which correlated with the sub-licensing fee amount.

In this case, Defendant aired the Program on two televisions, and approximately 20 patrons were present – which represented the full capacity of the establishment. Defendant did not require a cover charge. The rate to license the Program for a venue of the restaurant's capacity was $2,000. *Pl's Aff.* ¶ 8, Dkt. 8-2. Given Defendant did not impose a cover charge and aired the Program in a small establishment to a small amount of people, the Court finds, like the court in *Marcaida*, that an award equal to three times the price Defendant would have had to pay to lawfully purchase the program is reasonable here. The Court therefore awards $6,000 to Plaintiff for Defendant's willful violation of § 605.

### 3. Costs & Attorneys' Fees

Section 605(e)(3)(B)(iii) provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Pursuant to District of Idaho Local Civil Rule 54.2(b), Plaintiff will have 14 days from the entry of judgment to submit a motion for costs and attorney fees. Failure to timely file this declaration will result in a waiver of the request for fees and costs.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Default Judgment (Dkt. 8) is **GRANTED**. The Court will enter judgment in the amount of $6,000.

2. Other fees and costs may be added to the judgment once proper documentation is received. Plaintiff has 14 days to submit a motion for costs and attorney fees.

3. A separate judgment will be entered once the Court receives an accounting of all costs and attorney fees.

DATED: August 9, 2022

B. Lynn Winmill
U.S. District Court Judge