UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAMRA AIKEN, individually, and d/b/a JENNY'S BLISS SALOON, a/k/a BLISS SALOON, <br><br> Defendant. | Case No. 1:18-cv-00489-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Plaintiff J&J Sports Productions, Inc.'s Motion for Attorneys' Fees and Costs (Dkt. 10). Plaintiff did not respond to the motion. For the reasons set forth below, the Court will grant Plaintiff's request for fees and cost in the amount of $3,517.50.

# ANALYSIS

Plaintiff brought this action against Defendants for the unlawful exhibition of the *Manny Pacquiao v. Timothy Bradley, JR. WBO Welterweight Championship Fight Program*" ("Program") at the establishment doing business as Jenny's Bliss Saloon, or the Bliss Saloon, on April 9, 2016. On August 9, 2022, this Court

entered default judgment in Plaintiff's favor and allowed Plaintiff 14 days to file a motion for fees and costs, which is now pending before the Court.

47 U.S.C. § 605 mandates an award of costs and attorneys' fees to an aggrieved party who prevails. Specifically, the section states that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added). An "aggrieved" party ". . . shall include any person with proprietary rights in the intercepted communication by wire or radio[.]" 47 U.S.C. § 605(d)(6). In this case, Plaintiff had the exclusive nationwide distribution rights to the Program, *Gagliardi Affidavit* ¶ 3 (Dkt. No. 8-2), and thus is an aggrieved party within the meaning of 47 U.S.C. § 605. *J & J Sports Productions, Inc. v. Morales*, 2011 WL 6749080, *3 (E.D.Cal. Dec. 22, 2011). Based on the statutory language of section 605, Plaintiff is entitled to full costs and reasonable attorneys' fees.

The Court also finds that the attorney fees and costs identified in counsel's affidavit in support of the motion for fees and costs are reasonable. "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting

fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996) (footnote omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id.* at 363 n. 8. (internal quotation marks and citation omitted).

Here, Plaintiff seeks attorney fees in the amount of $ $2,997.50 for 10.9 hours of work completed by attorneys Daniel C. Green and Heidi Buck Morrison. Both charge $275.00 per hour, which is within the prevailing rates in this District. *See Romish Holdings, LLC v. Inclusion, Inc.*, 2016 WL 3093371, *1 (D. Idaho June 1, 2016). Moreover, the total number of hours billed was within reasonable limits. The Court further finds that Plaintiff's request for $520 in costs is reasonable. Also, the Court notes that Plaintiff has not opposed the motion. Accordingly, the Court will grant the motion for costs and fees in the amount of $2,997.50 and costs in the amount of $520.

## ORDER

**IT IS ORDERED that** Plaintiff J&J Sports Productions, Inc.'s Motion for Attorneys' Fees and Costs (Dkt. 10) is GRANTED. Defendant shall pay Plaintiff $3,517.50 in fees and costs

DATED: September 30, 2022

_____
B. Lynn Winmill
U.S. District Court Judge